UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAMAR BERNARD BURNO,

        Petitioner,

v.                                                  Case No: 5:24-cv-559-TPB-PRL

LAKE TECH INSTITUTE OF
PUBLIC SAFETY and LAKE
COUNTY SHERIFF'S OFFICE,

        Respondents.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner Lamar Burno, a former inmate of the Florida state penal system, initiated this action by filing a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner is now proceeding on an amended petition. Doc. 5. In his amended petition, Petitioner seeks to challenge his Lake County arrest and conviction for uttering a forged document. *Id*. at 1, 3. Petitioner asserts his wrongful arrest was based on a fabricated probable cause affidavit, improper involvement of the Pennsylvania Attorney General, frivolous and malicious allegations, ineffective assistance of counsel, prosecutorial misconduct, racial discrimination by law enforcement, and defamatory testimony. *Id*. at 1–2. As relief, Petitioner seeks, among other things, damages, including lost career opportunities. *Id*. at 3.

Although Petitioner has filed his action as a petition for Writ of Habeas Corpus, liberally construing his filing, it appears that Petitioner actually seeks to

challenge alleged civil rights violations related to his arrest, seeking damages as relief. If, however, Petitioner maintains that his action was appropriately filed as a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the Court has no jurisdiction over his claims. For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgement of a State court." *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (quoting 28 U.S.C. § 2254). Petitioner is no longer in custody and does not assert that he is in custody pursuant to the judgment that he seeks to challenge.

Therefore, this action is due to be dismissed. If Petitioner wishes to raise his claims in a civil rights action, he may do so by filing a civil rights complaint and paying the full filing fee or filing a motion to proceed *in forma pauperis* at the time of filing. Petitioner should not put this case number on his civil rights complaint as the Clerk will assign a new case number to any such action filed.

Accordingly, it is

**ORDERED:**

1. The petition is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk shall enter judgment dismissing the case without prejudice, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Tampa, Florida, this 9th day of January, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

c:
Lamar Bernard Burno